LIONEL Z. GLANCY (#134180)
MICHAEL GOLDBERG (#188669)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
E-mail: info@glancylaw.com

*Attorneys for Plaintiffs, and Proposed Lead Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SID MURDESHWAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SEARCHMEDIA HOLDINGS LIMITED, f/k/a IDEATION ACQUISITION CORP., ROBERT N. FRIED, PHILLIP FROST, RAO UPPALURI, STEVEN D. RUBIN, GLENN HALPRYN, THOMAS E. BEIER, DAVID H. MOSKOWITZ, SHAWN GOLD, GARBO LEE, PAUL CONWAY, QINYING LIU, EARL YEN, and JENNIFER HUANG,<br><br>Defendants. | No. 2:10-cv-06794-DSF (JEMx)<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CATTOLICA PARTECIPAZIONI S.P.A. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>Date: December 13, 2010<br>Time: 1:30 a.m.<br>Courtroom: 840<br>Honorable Dale S. Fischer |

## MEMORANDUM OF POINTS AND AUTHORITIES

Proposed lead plaintiff Cattolica Partecipazioni S.p.A. ("Movant") respectfully submits this memorandum of points and authorities in support of its motion for appointment as lead plaintiff and approval of lead counsel.

## I. FACTUAL BACKGROUND

This is a securities class action on behalf of purchasers of SearchMedia Holdings Limited (formerly, Ideation Acquisition Corp.) securities between April 1, 2009, and August 20, 2010, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

Ideation was a blank check company organized under Delaware law on June 1, 2007, for the purpose of acquiring one or more businesses, through a merger, capital stock exchange, asset acquisition or similar business combination.

This action concerns Ideation's October 30, 2009 combination (the "Merger") with China-based SearchMedia International Limited ("SMIL") – a purported nationwide multi-platform media company and operator of outdoor billboard and in-elevator advertising networks in China – and arises from material misstatements and/or omissions in the joint proxy statement and prospectus (the "Proxy/Prospectus") dated October 5, 2009 and other public statements during the Class Period related to the Merger and SMIL.

On November 2, 2009, Ideation announced that it had completed the acquisition of SMIL on October 30, 2009, that the transaction had been approved by Ideation's stockholders at a special stockholders' meeting, and that Ideation had changed its name to SearchMedia Holdings Limited ("SearchMedia").

On August 20, 2010, SearchMedia announced that the historical financial statements of SMIL for the 2007 and 2008 fiscal years would have to be restated and that the financial statements from these periods can no longer be relied upon. SearchMedia informed investors that it estimated that SMIL's 2007 and 2008 revenues had been overstated by approximately $6 million and $25 million, respectively.

On this news, SearchMedia's stock fell $0.78 per share, or nearly 23%, to close on August 20, 2010, at $2.62 per share on unusually heavy trading volume, and

further declined an additional 35% to close on August 23, 2010, at $1.70 per share. Over the course of these two days of trading, SearchMedia's stock declined a combined $1.70 per share, or 50%, from the closing price of $3.40 per share on August 19, 2010.

The Complaint alleges that throughout the Class Period Defendants made false and/or misleading statements, and failed to disclose material adverse facts about SearchMedia's business, operations, and prospects. Specifically, Defendants misrepresented and/or failed to disclose: (1) that SMIL was improperly recognizing revenue; (2) that certain of SMIL's accounts receivable related to sales generated primarily in the in-elevator business were uncollectible, (3) that, as a result, SMIL's financial results were overstated; (4) that SMIL's financial results were not prepared in accordance with Generally Accepted Accounting Principles; (5) that SMIL lacked adequate internal and financial controls; and (6) as a result of the above, SMIL's financial statements were materially false and misleading at all relevant times.

## II. PROCEDURAL HISTORY

Plaintiff Sid Murdeshwar commenced this action on September 13, 2010, and on that day counsel for plaintiff published a notice of the pendency of plaintiff's case on *Business Wire*. *See* Declaration of Michael Goldberg In Support of Motion of Cattolica Partecipazioni S.p.A. For Appointment As Lead Plaintiff and Approval of Lead Counsel (the "Goldberg Declaration") at Exhibit A.

Movant brings the instant motion pursuant to the *Murdeshwar* complaint and published notice of pendency, and files this motion prior to expiration of the 60-day period from publication of the September 13, 2010 notice.

## III. ARGUMENT

### A. Movant Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Act. The PSLRA directs courts to

consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice. . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)

As set forth herein, Cattolica Partecipazioni S.p.A. satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff for the Class.

**1. Cattolica Partecipazioni S.p.A. Is Making A Motion In Response To A Published Notice**

On September 13, 2010, plaintiff Sid Murdeshwar filed a complaint alleging violations of federal securities laws against certain of SearchMedia's current and former executive officers. Also on that day, pursuant to §21D(a)(3)(A)(i) of the PSLRA, counsel for plaintiff published a notice of pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service[1] – announcing that a securities class action had been filed against defendants herein, and

---

[1] *See Yousefi v. Lockheed Martin Corp.*, 70 F.Supp.2d 1061, 1067 (C.D.Cal. 1999).

advising investors of SearchMedia that they had 60 days from the publication of the September 13, 2010, notice to file a motion to be appointed as lead plaintiff.

Movant Cattolica Partecipazioni S.p.A. files the instant motion pursuant to the *Murdeshwar* complaint and published notice, and submits herewith its sworn certification attesting that it is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Goldberg Declaration, Exhibit B. Movant therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice.

**2. Cattolica Partecipazioni S.p.A. Has The Largest Financial Interest In This Action**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). *In re Cavanaugh*, 306 F.3d at 730.

Here, Movant purchased SearchMedia shares and warrants during the Class Period, and as a result has suffered losses of $2,463,876.70. *See* Goldberg Declaration, Exhibit C. To the best of its knowledge, Movant believes it has the largest financial interest in this case among Class members who filed timely applications for appointment as lead plaintiff, and accordingly is presumed to be the "most adequate plaintiff." *See In re Cavanaugh*, 306 F.3d at 730.

**3. Movant Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *In re Cavanaugh*, 306 F.3d at 731. Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *See Gluck v. CellStar Corp.*, 976 F.Supp. 542, 546 (N.D.Tex. 1997).

**a. Movant's Claims Are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to the other class members' claims, and plaintiff's claims are based on the same legal theory. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1137 (C.D. Cal. 1999). Here, Movant's claims are typical of the claims asserted by Class. Movant, like all members of the Class, alleges that defendants violated federal securities laws by publicly disseminating false and misleading statements concerning SearchMedia's business, financial performance and prospects. Movant, like all members of the Class, purchased SearchMedia securities at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. Thus, the interests of Movant are closely aligned with other Class members', and they are, therefore, typical of the other members of the Class. *Id.*

**b. Movant Is An Adequate Representative**

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interest of the class." Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda,* 67 F. Supp. 2d at 1137 (citation omitted). The class representative must also have "a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id*.

Movant Cattolica Partecipazioni S.p.A. has demonstrated its adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class. Movant has communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed lead plaintiff. Movant also sustained significant financial losses from its investments in SearchMedia securities and is, therefore, extremely motivated to pursue the claims in this action. *See* Goldberg Declaration, Exhibit C. Moreover, "no evidence exists to suggest that [movant is] antagonistic to other members of the class or [its] attorneys, thereby meeting the adequacy of representation requirement." *Yousefi*, 70 F.Supp.2d at 1071.

### 4. Cattolica Partecipazioni S.p.A. Is Presumptively The Most Adequate Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The presumption that the Cattolica Partecipazioni S.p.A. is the most adequate plaintiff is not, therefore, subject to rebuttal. Movant has suffered substantial financial losses – in excess of $2.4 million – as a result of its transactions in SearchMedia securities, and believes it has the largest financial interest in this case of any timely lead plaintiff movant. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against it that would render Movant inadequate to represent the Class. Accordingly, Cattolica Partecipazioni S.p.A. is presumptively the "most adequate plaintiff" and should be appointed lead plaintiff for the Class. *In re Cavanaugh* 306 F.3d at 730 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.").

**B. The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interest of the plaintiff class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh,* 306 F.3d at 733. In the present case, Movant has retained the law firm Glancy Binkow & Goldberg LLP to pursue this litigation on Movant's behalf, and will retain this firm as plaintiff's lead counsel, in the event Movant is appointed lead plaintiff. Glancy Binkow & Goldberg LLP possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Goldberg Declaration as Exhibit D.

Thus, the Court may be assured that, by granting Cattolica Partecipazioni S.p.A.'s motion, the Class will receive the highest caliber of legal representation.

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant its motion and enter an Order (a) appointing Cattolica Partecipazioni S.p.A. as lead plaintiff, and (b) approving its selection of Glancy Binkow & Goldberg LLP as lead counsel for the Class, and granting such other relief as the Court may deem just and proper.

Dated: November 15, 2010

GLANCY BINKOW & GOLDBERG LLP

/s/ ***Michael Goldberg***
Michael Goldberg
Lionel Z. Glancy
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Movant*
*and Proposed Lead Counsel*

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 10-07**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On November 15, 2010, I caused to be served the following documents:

1. **NOTICE OF MOTION AND MOTION OF CATTOLICA PARTECIPAZIONI S.P.A. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

2. **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CATTOLICA PARTECIPAZIONI S.P.A. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

3. **DECLARATION OF MICHAEL GOLDBERG IN SUPPORT OF MOTION OF CATTOLICA PARTECIPAZIONI S.P.A. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

4. **[PROPOSED] ORDER GRANTING MOTION OF CATTOLICA PARTECIPAZIONI S.P.A. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

By posting the document to the ECF Website of the United States District Court for the Central District of California, for receipt electronically by the parties as listed on the attached Service List.

And on any non-ECF registered party:

SearchMedia Holdings Ltd
1990 South Bundy Boulevard
Los Angeles, CA 90025

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 15, 2010, at Los Angeles, California.

***s/Michael Goldberg***
Michael Goldberg

# Mailing Information for a Case 2:10-cv-06794-DSF -JEM

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com
- **Michael M Goldberg**
  mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,asohrn@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com,lglancy@glanc
- **Robert Vincent Prongay**
  rprongay@glancylaw.com
- **Paul C Workman**
  paul.workman@hklaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Howard G Smith**
Law Offices of Howard G Smith
3070 Bristol Pike Suite 112
Bensalem, PA 19020